**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-7437**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY A. BLAGROVE, a/k/a Tony,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Robert G. Doumar, Senior District Judge.   (2:95-cr-00052-RGD-1; 2:12-cv-00414-RGD)

───────────

Submitted:  March 28, 2013          Decided:  April 1, 2013

───────────

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Anthony A. Blagrove, Appellant Pro Se.   William David Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Blagrove seeks to appeal the district court's order dismissing his Fed. R. Civ. P. 60(b) motion filed in his 28 U.S.C.A. § 2255 (West Supp. 2012) proceedings.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Blagrove has not made the requisite showing.

---

[*] Because Blagrove's Rule 60(b) motion directly attacked his conviction, it was, in essence, an unauthorized and successive 28 U.S.C.A. § 2255 motion over which the district court lacked jurisdiction. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.

Additionally, we construe Blagrove's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Blagrove's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED